**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

Lisa Marie Pettis, Holly Matthews, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

Marshfield Clinic Health System, Inc.,

Defendant.

Case No. 3:26-cv-00105

**Marshfield Clinic Health System Inc.'s Answer to Class Action Complaint**

Defendant Marshfield Clinic Health System, Inc. ("Marshfield" or "Defendant") makes the following Answer to the Class Action Complaint ("Complaint") of Plaintiffs Lisa Marie Pettis and Holly Matthews, individually and on behalf of all others similarly situated ("Plaintiffs").

1. Marshfield denies each and every allegation, statement, or thing contained in the Complaint unless hereafter admitted, qualified, or otherwise answered.

2. With respect to Paragraph 1 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

3. With respect to Paragraphs 2 and 3 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraphs 2 and 3.

4. Marshfield denies the allegations in Paragraph 4 of the Complaint.

5. With respect to Paragraph 5 of the Complaint, Marshfield admits that its website allows patient or prospective patients to perform various tasks or seek certain information, but the ability to do so is individualized and Marshfield therefore denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6. With respect to Paragraph 6 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraph 6.

7. Marshfield denies the allegations in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the Complaint.

8. With respect to Paragraphs 23, 24, 25, 26 and 27 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the referenced regulations or documents speak for themselves and must be considered in whole and in a proper context.

9. With respect to Paragraph 28 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations and places Plaintiffs to their burden of proof.

10. Marshfield denies the allegations in Paragraphs 29, 30, and 31 of the Complaint.

11. Paragraph 32 of the Complaint is not a factual allegation that requires a response but to the extent a response is needed, Marshfield denies that Plaintiffs are entitled to any relief and denies that a class may be certified in this action.

12. With respect to Paragraphs 33 and 34 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations and places Plaintiffs to their burden of proof.

13. With respect to Paragraph 35 of the Complaint, Marshfield states that it is a health system with facilities in Wisconsin but otherwise denies the allegations in that Paragraph.

14. Marshfield admits the allegations in Paragraphs 36 and 37 of the Complaint.

15. Marshfield denies the allegations in Paragraph 38 of the Complaint.

16. Marshfield admits that this Court has personal jurisdiction for this action but denies the remainder of the allegations in Paragraph 39 of the Complaint.

17. Marshfield admits that venue is proper in this District for this action but denies the remainder of the allegations in Paragraph 40 of the Complaint.

18. Marshfield lacks sufficient knowledge or information as to how the generic and vaguely defined term "Tracking Tools" work or are used by third-parties and cannot admit or deny allegations about hypothetical or generic uses of services offered by Google or others

and therefore denies the allegations contained in Paragraphs 41, 42, 43, and 44 of the Complaint.

19. With respect to Paragraphs 45, 46, and 47 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

20. Marshfield denies the allegations in Paragraph 48 of the Complaint.

21. With respect to Paragraphs 49 and 50 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

22. Marshfield denies the allegations in Paragraphs 51 and 52 of the Complaint.

23. With respect to Paragraphs 53, 54, and 55 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

24. Marshfield denies the allegations in Paragraph 56 of the Complaint.

25. With respect to Paragraph 57 of the Complaint, Marshfield admits that it has used Google Analytics in connection with its website but denies any other allegation in that Paragraph.

26. Marshfield denies the allegations in Paragraph 58 of the Complaint.

27. With respect to Paragraph 59 of the Complaint, Marshfield admits that it has used Google Doubleclick in connection with its website but denies any other allegation in that Paragraph.

28. Marshfield denies the allegations in Paragraphs 60, 61, 62, 63, 64, 65, 66, and 67 of the Complaint.

29. With respect to Paragraphs 68, 69, and 70 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

30. Marshfield denies the allegations in Paragraphs 71, 72, 73, 74, 75, 76, and 77 of the Complaint.

31. With respect to Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, and 86 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations or the operations of the numerous browsers or services mentioned in those paragraphs. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

32. Marshfield denies the allegations in Paragraphs 87, 88, 89, 90, and 91 of the Complaint.

33. Marshfield admits that its website has certain options but otherwise denies the allegations in Paragraph 92 of the Complaint.

34. Marshfield denies the allegations in Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, and 113 of the Complaint.

35. Marshfield admits that its website has certain options but otherwise denies the allegations in Paragraph 114 of the Complaint.

36. Marshfield denies the allegations in Paragraphs 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, and 125 of the Complaint.

37. Marshfield admits that in Paragraph 126 of the Complaint that Plaintiffs have copied a portion of a Notice of Privacy Practices but otherwise denies the allegations in Paragraph 126 of the Complaint.

38. Marshfield denies the allegations in Paragraphs 127, 128, 129, and 130 of the Complaint.

39. With respect to Paragraphs 131, 132, and 133 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

40. Marshfield denies the allegations in Paragraph 134 of the Complaint.

41. With respect to Paragraphs 135, 136, and 137 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

42. With respect to Paragraph 138 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph and places Plaintiffs to their burden of proof.

43. With respect to Paragraphs 139 and 140 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

44. Marshfield denies the allegations in Paragraphs 141 and 142 of the Complaint.

45. With respect to Paragraphs 143, 144, 145, 146, 147, 148, 149, 150, and 151 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in

these Paragraphs and further states that the referenced regulations or documents speak for themselves and must be considered in whole and in a proper context.

46. Marshfield denies the allegations in Paragraph 152 of the Complaint.

47. With respect to Paragraphs 153 and 154 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the referenced regulations or documents speak for themselves and must be considered in whole and in a proper context.

48. Marshfield denies the allegations in Paragraphs 155, 156, 157, 158, 159, and 160 of the Complaint.

49. With respect to Paragraphs 161, 162, 163, 164, and 165 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs and places Plaintiffs to their burden of proof.

50. With respect to Paragraphs 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, and 186 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

51. Marshfield denies the allegations in Paragraphs 187, 188, and 189 of the Complaint.

52. With respect to Paragraph 190 of the Complaint, Marshfield acknowledges that confidentiality is a component of a health care relationship but denies the remainder of the allegations of the Paragraph as phrased.

53. With respect to Paragraphs 191, 192, 193, and 194 of the Complaint, Plaintiffs have selectively quoted, cited, or summarized certain statements from AMA documents. Marshfield acknowledges that such documents exist and further states that: (1) the referenced documents speak for themselves, and (2) Plaintiffs have only selectively quoted from or summarized those documents. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

54. With respect to Paragraphs 195 and 196 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs and places Plaintiffs to their burden of proof.

55. With respect to Paragraphs 197 and 198 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

56. Marshfield denies the allegations in Paragraphs 199 and 200 of the Complaint.

57. With respect to Paragraphs 201, 202, and 203 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

58. Marshfield denies the allegations in Paragraph 204 of the Complaint.

59. With respect to Paragraph 205 of the Complaint, the statute that is partially quoted in that Paragraph speaks for itself and Marshfield denies all allegations inconsistent with the referenced statute. Marshfield denies all remaining allegations in that Paragraph.

60. Marshfield denies the allegations in Paragraph 206 of the Complaint.

61. With respect to Paragraphs 207, 208, and 209 of the Complaint provide incomplete and improperly simplistic statements that do not allow Marshfield to admit or deny the allegations made in those Paragraphs and Marshfield therefore denies those allegations and places Plaintiffs to their burden of proof.

62. Paragraphs 210 and 211 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs.

63. Marshfield denies the allegations in Paragraphs 212, 213, and 214 of the Complaint.

64. With respect to Paragraphs 215 and 216 of the Complaint, the statutes that are partially quoted in those Paragraphs speak for themselves and Marshfield denies all allegations inconsistent with the referenced statute. Marshfield denies all remaining allegations in those Paragraphs.

65. Marshfield denies the allegations in Paragraphs 217, 218, 219, 220, 221, and 222 of the Complaint.

66. With respect to Paragraph 223 of the Complaint, Marshfield admits that certain Google tools provide it information about how users utilize its website but specifically denies all remaining allegations in that Paragraph.

67. Marshfield denies the allegations in Paragraph 224 of the Complaint.

68. With respect to Paragraphs 225 and 226 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

69. Marshfield denies the allegations in Paragraphs 227, 228, 229, 230, and 231 of the Complaint.

70. With respect to Paragraph 232 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

71. Marshfield denies the allegations in Paragraphs 233, 234, 235, 236, and 237 of the Complaint.

72. With respect to Paragraphs 238 and 239 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

73. Marshfield denies the allegations in Paragraphs 240 and 241 of the Complaint.

74. With respect to Paragraph 242 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

75. Marshfield denies the allegations in Paragraph 243 of the Complaint.

76. With respect to Paragraph 244 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

77. Marshfield denies the allegations in Paragraphs 245, 246, 247, 248, and 249 of the Complaint.

78. With respect to Paragraphs 250 and 251 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in those Paragraphs and places Plaintiffs to their burden of proof.

79. Marshfield denies the allegations in Paragraphs 252 and 253 of the Complaint.

80. With respect to Paragraph 254 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

81. Marshfield denies the allegations in Paragraphs 255, 256, 257, 258, and 259 of the Complaint.

82. Marshfield denies the allegations in Paragraphs 260, 261, 262, 263, 264, 265, 266, 267, 268, and 269 of the Complaint contain legal assertions about class certification to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs and denies that a class can be certified because, among other reasons, individualized issues predominate and because the purported class is not ascertainable.

83. Marshfield admits the allegations in Paragraph 270 of the Complaint.

84. With respect to Paragraph 271 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph and therefore denies the allegations and places Plaintiffs to their burden of proof.

85. Marshfield denies the allegations in Paragraphs 272, 273, 274, and 275 of the Complaint.

86. With respect to Paragraph 276 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 275 and incorporates them herein by reference.

87. Paragraphs 277, 278, and 279 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in those Paragraphs.

88. Marshfield denies the allegations in Paragraphs 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, and 291 of the Complaint.

89. Paragraph 292 of the Complaint contains legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in that Paragraph.

90. Marshfield denies the allegations in Paragraphs 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, and 303 of the Complaint.

91. With respect to Paragraph 304 of the Complaint, Marshfield denies that Plaintiffs or members of the purported class they seek to represent are entitled to any compensation in this action.

92. With respect to Paragraph 305 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 304 and incorporates them herein by reference.

93. Marshfield denies the allegations in Paragraphs 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, and 316 of the Complaint.

94. Marshfield admits the allegations in Paragraph 317 of the Complaint.

95. Marshfield denies the allegations in Paragraphs 318, 319, 320, and 321 of the Complaint.

## PRAYER FOR RELIEF

96. Marshfield denies that Plaintiffs are entitled to judgment in their favor or to any relief including that requested in Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof to any issue or defense, Marshfield asserts the following defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs and purported class members were aware of and consented to the terms and conditions of their use of Marshfield's website.

3. The alleged conduct of Marshfield was not the proximate cause of the losses alleged by Plaintiffs and the purported class members.

4. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by Plaintiffs' and class members' consent to Marshfield's actions.

6. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because the relief sought by Plaintiffs and the purported class members is speculative, remote, and/or cannot be ordered against Marshfield.

7. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs and purported class members lack standing to obtain the relief sought and/or available by law for the alleged claims.

8. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because the damages sought by Plaintiffs and the purported class members are speculative, remote, and/or impossible to ascertain.

9. Plaintiffs' claims and the claims of the purported class members are barred in whole or in part because of Plaintiffs' and the purported class members' failure and failures to mitigate alleged damages.

10. Plaintiffs' claims and the claims of the purported class members are barred by Plaintiffs' contributory negligence and/or comparative fault.

11. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs' and class members' actions diminished the value of any damages.

12. The damages, if any, suffered by Plaintiffs and the purported class members in connection with their use of Marshfield's website are limited based on the disclaimers and terms of use of the website.

13. Plaintiffs' claims and the claims of the purported class members are barred in whole or in part by the acts, omissions and/or negligence of third parties for which Marshfield was not responsible, which was the sole proximate cause or the superseding or intervening cause of Plaintiffs' and the purported class members' alleged damages.

14. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because a third party or third parties are responsible for any damages Plaintiffs and purported class members suffered.

15. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs' and class members' own actions are responsible for any damages and/or harms Plaintiffs and purported class members suffered.

16. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs and purported class members knew or should have known of Marshfield's actions at the time Plaintiffs and purported class members used Marshfield's website.

17. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by Plaintiffs' and purported class members' assent to certain terms and conditions regarding their use of Marshfield's website and their relationship with Marshfield.

18. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because they are preempted by federal law.

19. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because the causes of action did not arise in Wisconsin or under Wisconin law.

20. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the First and Fourteenth Amendment of the United States Constitution as Marshfield's alleged conduct is protected speech.

21. Aggregating the claims and damages on a class-wide basis would be excessive and violate Marshfield's due process rights.

22. To the extent Plaintiffs have raised any claims attempting to impose requirements on Marshfield beyond those put forth by federal law, regulations or standards, those state law claims are preempted by federal law.

23. To the extent that Plaintiffs' claims and the claims of purported class members rely on regulatory agency guidance, such guidance is not entitled to deference, including but not limited to, because it is inconsistent with the relevant statutes and/or regulations.

24. To the extent that Plaintiffs' claims and the claims of purported class members rely on regulatory agency guidance or changes in law, Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because such guidance and changes in law only apply prospectively.

25. Any monetary damages awarded to Plaintiffs and the purported class members must be reduced to the extent that Plaintiffs and the purported class members owe any amounts to Marshfield.

26. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the doctrines of waiver, release, unclean hands, estoppel, and laches.

27. Marshfield reserves the right to assert additional affirmative defenses or claims as may become apparent in the course of additional investigation and discovery.

## Jury Demand

Marshfield hereby demands a trial by jury on all issues raised by the pleadings.

## Defendant's Prayer for Relief

**WHEREFORE**, having stated its answer and defenses, Marshfield prays for relief as follows:

1. That this action be dismissed with prejudice;

2. That this action proceeds between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23;

3. For attorneys' fees and costs as permitted by law; and

4. For such other and further relief as this Court deems just and proper.

**Reservation of Rights**

Marshfield reserves the right to assert additional defenses, counterclaims, and/or third-party claims that may appear or become available as discovery and investigation progresses, and hereby reserves the right to amend its Answer to assert any such defenses or claims.

Dated: April 15, 2026

**Larson · King LLP**

By *s/Mark A. Solheim*
Mark A. Solheim (WI #1028001)
Shawn M. Raiter (WI #1022977)
Matthew B. Bolt (MN #0403468)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
msolheim@larsonking.com
sraiter@larsonking.com
mbolt@larsonking.com

**Attorneys for Defendant**