**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

Lisa Marie Pettis, Holly Matthews, and Gretchen Franck, on behalf of all others similarly situated,

Plaintiff,

vs.

Marshfield Clinic Health System, Inc.,

Defendant.

Case No. 3:26-cv-00105-jdp

**Marshfield Clinic Health System Inc.'s Answer to Consolidated Class Action Complaint**

---

Defendant Marshfield Clinic Health System, Inc. ("Marshfield" or "Defendant") makes the following Answer to the Amended Consolidated Class Action Complaint ("Complaint") of Plaintiffs Lisa Marie Pettis, Holly Matthews, and Gretchen Franck, on behalf of all others similarly situated ("Plaintiffs").

1. Marshfield denies each and every allegation, statement, or thing contained in the Complaint unless hereafter admitted, qualified, or otherwise answered.

2. With respect to Paragraph 1 of the Complaint, Marshfield denies the allegations made in that Paragraph.

3. With respect to Paragraph 2, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent

with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

4. With respect to Paragraph 3 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraph 3.

5. With respect to Paragraph 4, Marshfield states that it is a health system with facilities in Wisconsin but otherwise denies the allegations in that Paragraph.

6. With respect to Paragraph 5, Marshfield admits that its website allows patient or prospective patients to perform various tasks or seek certain information, but the ability to do so is individualized and Marshfield therefore denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

7. Marshfield denies the allegations in Paragraphs 6, 7, and 8 of the Complaint.

8. With respect to Paragraph 9 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in Paragraph 9 and further states that the referenced regulations or documents speak for themselves and must be considered in whole and in a proper context

9. Marshfield denies the allegations in Paragraph 10 of the Complaint.

10. Marshfield admits that in Paragraph 11 of the Complaint that Plaintiffs have copied a portion of a Privacy Policy but otherwise denies the allegations in Paragraph 11 of the Complaint.

11. With respect to Paragraphs 12, 13, 14, 15, 16, 17, and 18, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations or the businesses who utilize Google's suite. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

12. Marshfield denies the allegations in Paragraphs 19, 20, 21, 22, and 23 of the Complaint.

13. With respect to Paragraph 24, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in this Paragraph and further states that the referenced regulations or documents speak for themselves and must be considered in whole and in a proper context.

14. Marshfield denies the allegations in Paragraphs 25, 26, 27, 28, 29, and 30 of the Complaint.

15. With respect to Paragraph 31, Marshfield states that it is incorporated in the State of Wisconsin at the address of 1000 N. Oak Ave, Marshfield, WI 54449. Marshfield denies the remaining allegations and affirmatively states that it is a nonprofit organization.

16. With respect to Paragraph 32 of the Complaint, Marshfield states that it is a health system with facilities in Wisconsin and Michigan but otherwise denies the allegations in that Paragraph.

17. Marshfield admits the allegations in Paragraph 33 of the Complaint.

18. Marshfield denies the allegations in Paragraph 34 of the Complaint.

19. Marshfield admits that this Court has personal jurisdiction for this action but denies the remainder of the allegations in Paragraphs 35 and 36 of the Complaint.

20. Marshfield admits that venue is proper in this District for this action but denies the remainder of the allegations in Paragraph 37 of the Complaint.

21. With respect to Paragraphs 38, 39, 40, 41, 42, 43, and 44, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations. Marshfield further states that Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

22. Marshfield denies the allegations of Paragraphs 45 and 46.

23. With respect to Paragraphs 47, 48, 49, 50, 51, and 52, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations. Marshfield further states that Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically

denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

24. Marshfield denies the allegations in Paragraph 53.

25. With respect to Paragraphs 54, 55, 56, and 57, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs. Marshfield further states that Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

26. Marshfield denies the allegations in Paragraph 58.

27. With respect to Paragraphs 59, 60, and 61, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

28. With respect to Paragraphs 62, 63, 64, 65, and 66, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about

Google's operations or the operations of the numerous websites, browsers or services mentioned in those paragraphs. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

29. With respect to Paragraphs 67 and 68, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about "most websites" operations or the operations of the numerous websites, browsers or services mentioned in those paragraphs or how such operations work with each individual user's web browser. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

30. With respect to Paragraphs 69, 70, 71, 72, 73, 74, and 75, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations or the operations of the numerous websites, browsers or services mentioned in those paragraphs. Further, Marshfield states the allegations in these Paragraphs are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

31. With respect to Paragraphs 76, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be

determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraph 76.

32. Marshfield denies the allegations in Paragraph 77.

33. With respect to Paragraph 78, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in this Paragraph about Google's operations. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

34. Marshfield denies the allegations in Paragraph 79.

35. With respect to Paragraphs 80, 81, and 82, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield further lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations or the operations of the numerous websites, browsers or services mentioned in those paragraphs. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

36. With respect to Paragraph 83 Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be

determined by individualized evidence from each person. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

37. Marshfield denies the allegations in Paragraph 84.

38. With respect to Paragraph 85, Marshfield admits that its website has certain options but otherwise denies the allegations in Paragraph 85.

39. Marshfield denies the allegations in Paragraphs 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, and 109 of the Complaint.

40. With respect to Paragraphs 110, 111, 112, and 113, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about the operations of Facebook or the operations of the numerous websites, browsers or services mentioned in those paragraphs. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

41. Marshfield denies the allegations in Paragraph 114.

42. With respect to Paragraphs 115, 116, 117, 118, and 119, Plaintiffs have selectively quoted, cited, summarized, and misstated various documents and regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the

documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

43. With respect to Paragraphs, 120, 121, 122, 123, and 124, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the referenced regulations speak for themselves and must be considered in whole and in a proper context.

44. With respect to Paragraphs 125 and 126 the Complaint, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the referenced regulations or documents speak for themselves and must be considered in whole and in a proper context.

45. Marshfield denies the allegations in Paragraph 127.

46. With respect to Paragraph 128, Plaintiffs have selectively quoted, cited, summarized, and misstated HIPAA regulations attempting to assert legal conclusions. Marshfield denies the allegations made in this Paragraph and further states that the referenced regulations speak for themselves and must be considered in whole and in a proper context.

47. Marshfield denies the allegations in Paragraph 129.

48. With respect to Paragraphs 130, 131, and 132, Plaintiffs have selectively quoted, cited, summarized, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the

referenced regulations speak for themselves and must be considered in whole and in a proper context.

49. Marshfield denies Paragraph 133 of the Complaint.

50. With respect to Paragraph 134 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph and places Plaintiffs to their burden of proof.

51. With respect to Paragraphs 135, 136, 137, and 138 of the Complaint, Plaintiffs have selectively quoted, cited, summarized, or misstated various documents. Marshfield denies the allegations made in these Paragraphs and further states that: (1) the referenced documents speak for themselves, (2) Plaintiffs have only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiffs' attempts to summarize or paraphrase those documents.

52. With respect to Paragraph 139 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies these allegations and places Plaintiffs to their burden of proof.

53. Marshfield denies the allegations in Paragraphs 140, 141, 142, 143, 144, 145, 146, 147, and 148 of the Complaint.

54. With respect to Paragraphs 149 and 150, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

55. Marshfield denies the allegations in Paragraphs 151, 152, 153, 154, 155, 156, and 157 of the Complaint.

56. With respect to Paragraphs 158 and 159, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

57. Marshfield denies the allegations in Paragraphs 160 and 161 of the Complaint.

58. With respect to Paragraph 162, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

59. With respect to Paragraphs 163 and 164, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

60. Marshfield denies the allegations in Paragraphs 165, 166, 167, 168, 169, and 170 of the Complaint.

61. With respect to Paragraphs 171, 172, and 173, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

62. Marshfield denies the allegations in Paragraphs 174 and 175 of the Complaint.

63. With respect to Paragraph 176, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

64. With respect to Paragraphs 177 and 178, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

65. Marshfield denies the allegations in Paragraphs 179, 180, 181, 182, 183, 184, and 185 of the Complaint.

66. With respect to Paragraphs 186 and 187, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

67. Marshfield denies the allegations in Paragraphs 188 and 189 of the Complaint.

68. With respect to Paragraph 190, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in that Paragraph and therefore denies those allegations and places Plaintiffs to their burden of proof.

69. Marshfield denies the allegations in Paragraphs 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204 of the Complaint contain legal assertions about class certification to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs and denies that a class can be certified because, among other reasons, individualized issues predominate and because the purported class is not ascertainable.

70. With respect to Paragraph 205 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 204 and incorporates them herein by reference.

71. Paragraphs 206, 207, 208, 209, 210, 211, and 212 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in those Paragraphs.

72. Marshfield denies the allegations in Paragraphs 213, 214, 215, 216, 217, and 218 of the Complaint.

73. Paragraph 219 of the Complaint contains legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in that Paragraph.

74. Marshfield denies the allegations in Paragraphs 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, and 231 of the Complaint.

75. With respect to Paragraph 232 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 231 and incorporates them herein by reference.

76. Paragraphs 233 and 234 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in those Paragraphs.

77. Marshfield denies the allegations in Paragraphs 235 and 236 of the Complaint.

78. Paragraphs 237, 238, and 239 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in those Paragraphs.

79. Marshfield denies the allegations in Paragraphs 240, 241, 242, 243, and 244 of the Complaint.

80. Paragraph 245 of the Complaint contains legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in that Paragraph.

81. Marshfield denies the allegations in Paragraphs 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, and 256 of the Complaint.

82. With respect to Paragraph 257, of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 256 and incorporates them herein by reference

83. With respect to Paragraphs 258, 259, and 260, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in those Paragraphs and therefore denies those allegations and places Plaintiffs to their burden of proof.

84. Marshfield denies the allegations in Paragraph 261 of the Complaint.

85. With respect to Paragraph 262, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in Paragraph 262 and therefore denies those allegations and places Plaintiffs to their burden of proof.

86. Marshfield denies the allegations in Paragraphs 263, 264, 265, 266, and 267 of the Complaint.

87. With respect to Paragraph 268, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in Paragraph 268 and therefore denies those allegations and places Plaintiffs to their burden of proof.

88. With respect to Paragraph 269, of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 268 and incorporates them herein by reference.

89. With respect to Paragraph 270, Marshfield lacks sufficient knowledge or information to admit or deny the individualized allegations made in Paragraph 270 and therefore denies those allegations and places Plaintiffs to their burden of proof.

90. Marshfield denies the allegations in Paragraphs 271, 272, 273, 274, 275, 276, and 277 of the Complaint.

91. With respect to Paragraph 278, of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 277 and incorporates them herein by reference.

92. Marshfield denies the allegations in Paragraphs 279, 280, 281, 282, 283, 284, and 285 of the Complaint.

93. With respect to Paragraph 286, of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 285 and incorporates them herein by reference.

94. Marshfield denies the allegations in Paragraphs 288, 289, 290, 291, 292, 293, 294, 295, and 296 of the Complaint.

## PRAYER FOR RELIEF

95. Marshfield denies that Plaintiffs are entitled to judgment in their favor or to any relief including that requested in Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof to any issue or defense, Marshfield asserts the following defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs and purported class members were aware of and consented to the terms and conditions of their use of Marshfield's website.

3. The alleged conduct of Marshfield was not the proximate cause of the losses alleged by Plaintiffs and the purported class members.

4. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by Plaintiffs' and class members' consent to Marshfield's actions.

6. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because the relief sought by Plaintiffs and the purported class members is speculative, remote, and/or cannot be ordered against Marshfield.

7. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs and purported class members lack standing to obtain the relief sought and/or available by law for the alleged claims.

8. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because the damages sought by Plaintiffs and the purported class members are speculative, remote, and/or impossible to ascertain.

9. Plaintiffs' claims and the claims of the purported class members are barred in whole or in part because of Plaintiffs' and the purported class members' failure and failures to mitigate alleged damages.

10. Plaintiffs' claims and the claims of the purported class members are barred by Plaintiffs' contributory negligence and/or comparative fault.

11. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs' and class members' actions diminished the value of any damages.

12. The damages, if any, suffered by Plaintiffs and the purported class members in connection with their use of Marshfield's website are limited based on the disclaimers and terms of use of the website.

13. Plaintiffs' claims and the claims of the purported class members are barred in whole or in part by the acts, omissions and/or negligence of third parties for which Marshfield was not responsible, which was the sole proximate cause or the superseding or intervening cause of Plaintiffs' and the purported class members' alleged damages.

14. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because a third party or third parties are responsible for any damages Plaintiffs and purported class members suffered.

15. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs' and class members' own actions are responsible for any damages and/or harms Plaintiffs and purported class members suffered.

16. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because Plaintiffs and purported class members knew or should have known of Marshfield's actions at the time Plaintiffs and purported class members used Marshfield's website.

17. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by Plaintiffs' and purported class members' assent to certain terms and conditions regarding their use of Marshfield's website and their relationship with Marshfield.

18. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because they are preempted by federal law.

19. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because the causes of action did not arise in Wisconsin or under Wisconsin law.

20. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the First and Fourteenth Amendment of the United States Constitution as Marshfield's alleged conduct is protected speech.

21. Aggregating the claims and damages on a class-wide basis would be excessive and violate Marshfield's due process rights.

22. To the extent Plaintiffs have raised any claims attempting to impose requirements on Marshfield beyond those put forth by federal law, regulations or standards, those state law claims are preempted by federal law.

23. To the extent that Plaintiffs' claims and the claims of purported class members rely on regulatory agency guidance, such guidance is not entitled to deference, including but not limited to, because it is inconsistent with the relevant statutes and/or regulations.

24. To the extent that Plaintiffs' claims and the claims of purported class members rely on regulatory agency guidance or changes in law, Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, because such guidance and changes in law only apply prospectively.

25. Any monetary damages awarded to Plaintiffs and the purported class members must be reduced to the extent that Plaintiffs and the purported class members owe any amounts to Marshfield.

26. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the doctrines of waiver, release, unclean hands, estoppel, and laches.

27. Marshfield reserves the right to assert additional affirmative defenses or claims as may become apparent in the course of additional investigation and discovery.

## Jury Demand

Marshfield hereby demands a trial by jury on all issues raised by the pleadings.

## Defendant's Prayer for Relief

**WHEREFORE**, having stated its answer and defenses, Marshfield prays for relief as follows:

1. That this action be dismissed with prejudice;

2. That this action proceeds between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23;

3. For attorneys' fees and costs as permitted by law; and

4. For such other and further relief as this Court deems just and proper.

**Reservation of Rights**

Marshfield reserves the right to assert additional defenses, counterclaims, and/or third-party claims that may appear or become available as discovery and investigation progresses, and hereby reserves the right to amend its Answer to assert any such defenses or claims.

Dated: June 16, 2026

**Larson · King LLP**

By *s/ Shawn M. Raiter*
Mark A. Solheim (WI #1028001)
Shawn M. Raiter (WI #1022977)
Matthew B. Bolt (MN #0403468)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
msolheim@larsonking.com
sraiter@larsonking.com
mbolt@larsonking.com

**Attorneys for Defendant**